ARTHUR E. PAQUETTE *vs.* PROSPECT CARBURETOR & AUTO ELECTRIC SERVICE INC. February 1, 1967. This is an appeal from the denial by the Appellate Division for the Northern District of a motion by the plaintiff to file a petition for report late. The decision of the Appellate Division was that "the entry of the nonsuit and the denial of the motion to remove the nonsuit are matters of discretion and since we find no abuse of the discretion the petition is denied." There was also an order: "Petition and Motion denied." The plaintiff argues that the only issue is whether any of the three District Court judges appearing in the case abused their discretion. On this confused record no such abuse appears.

*Order of Appellate Division affirmed.*

*Herbert Lord* for the plaintiff.

No argument or brief for the defendant.

JOSEPH JOHNSON, JR., & another *vs.* ROBERT M. PHILLIPS. February 2, 1967. The defendant, a physician, gave one plaintiff (Joseph), then two and one-half years old, an erythromycin injection in his left buttock. The evidence warranted the conclusion that the injection was close to the center of the buttock and at a point in its lower portion. A muscular defect shortly thereafter was observed in Joseph's leg. Verdicts were returned for Joseph and his father in this action alleging negligent treatment. The defendant presents exceptions to the refusal of a directed verdict, to the admission of evidence, and to a portion of the charge. Expert medical testimony warranted the jury in finding (a) that the injection where made involved some (although not a very great) avoidable risk of injury to the sciatic nerve which could result in a leg muscle defect, and (b) that, to avoid that risk, the common and accepted local medical practice called for making an injection in the upper outer quadrant of the buttock as the "quadrant of choice." Failure to avoid that risk could be found to be negligence. *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223, 227. Cf. *Haggerty* v. *McCarthy,* 344 Mass. 136, 140–141 (medical testimony held not to establish a definable risk). Cf. also *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 434–435 (particular procedure not established as standard practice). In the opinion of a majority of the court (a) the evidence (including expert testimony, hospital records, and what could be found to have been an admission) permitted the jury to find causal relationship between the injection and Joseph's condition, and (b) the judge in his charge referred with adequate accuracy to the expert testimony. The judge in his discretion reasonably treated one doctor as qualified to testify about the applicable medical practice. He did not err in admitting hospital records stating an appraisal of Joseph's condition.

*Exceptions overruled.*

*Philander S. Ratzkoff* for the defendant (*Charles J. Dunn,* for Massachusetts Medical Society, amicus curiae, with him).

*Leo V. Concannon (Frank T. Wojcik* with him) for the plaintiffs.